

**UNITED STATES PROBATION**
**Eastern District of New York**

Tony Garoppolo
Chief U.S. Probation Officer

Andrew S. Bobbe
Senior Deputy Chief U.S. Probation Officer

George V. Doernbecker
Eileen Kelly
Michael J. Giatthaar
Deputy Chiefs, U.S. Probation Officer

Reply to:

75 Clinton Street, Room 405
Brooklyn, NY 11201-4201
Tel. No. (347) 534-3400
Fax No. (347) 534-3599

Branch Offices:

111 Livingston Street
Brooklyn, NY 11201-4201
Tel. No. (347) 534-3660
Fax No. (347) 534-3680

Long Island Federal Courthouse
282 Federal Plaza
Central Islip, NY 11722
Tel. No. (631) 712-6300
Fax No. (631) 712-6395

July 27, 2006

Greg L. Johnson, CUSPO
U.S. Probation & Pretrial Services
J. Caleb Boggs Federal Bldg.
Lockbox #39
844 King Street
Wilmington, DE 19801-3588

Attn: Nancy Klinger, USPO

RE: ELLIOT, Michael
Docket No. 02-CR-305-23
**TRANSFER OF JURISDICTION**

Dear Officer Klinger:

On July 10, 2006 the Honorable Leonard D. Wexler, Senior U.S. District Judge for the Eastern District of New York has singed the enclosed Prob 22 form to initiate the transfer of jurisdiction of Elliots' case to your district.

Please forward the form to your Court for assignment, and upon completion, please return the Prob. 22 to this office for completion of transfer. A self-addressed envelope is enclosed for your convenience.

Very truly yours,

TONY GAROPPOLO
Chief U.S. Probation Officer

Deborah Nieders
Deborah Nieders
Executive Assistant

Enc.


RECEIVED
2006 AUG -1 AM 9:00

REDACTED


FILED
AUG 7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 245B (8/96 Rev. locally 9/97)- Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| MICHAEL ELLIOT, | CASE NUMBER: CR 02-00305-23 [LDW] |
| | Defendant's Attorney: Neil B. Checkman, Esq (CJA) |
| | 319 Broadway, 5th Floor, New York, NY 10007 |



THE DEFENDANT:

__XX__ pleaded guilty to count 3 of a four count indictment before Mag/Judge Boyle on May 31, 2002.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18 USC 924(c)(1)(A)(i) | Use of a Firearm during a Crime of Violence | February 23, 2002 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
__XX__ Count(s) 1, 2, & 4 are dismissed on the motion of the United States - AUSA GARY BROWN/AUSA LEONARD LATO..

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: -9128 | Date of Imposition of Sentence: November 1, 2002 |
| Defendant's Date of Birth: 1957 | |
| Defendant's USM No.: 68072-053 | LEONARD D. WEXLER |
| | UNITED STATES DISTRICT JUDGE |
| | DATE: November 1, 2002 |
| Defendant's Mailing Address: | A TRUE COPY ATTEST |
| Defendant's Residence Address: | DATE: November 4, 2002 |
| Laurel, Delaware 19956 | ROBERT C. HEINEMANN |
| | Clerk of Court |
| | By: JOSIAH KHARJIE, Courtroom Deputy |

FILED
AUG 7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 245B (8/96)- Imprisonment

| | |
|---|---|
| Defendant: MICHAEL ELLIOT | Judgment - Page 2 of 7 |
| Case No.: CR 02-00305-23 [LDW] | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 Months on Count 3.**

**XX** The court makes the following recommendations to the Bureau of Prisons: **FCI FAIRTON, NJ OR SCHUYKILL, PA and defendant to be provided with alcohol treatment and given proper medication.**

**XX** The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

United States Marshal

By:_____
    Deputy Marshal

AO 245B (8/96)- Imprisonment

Defendant:   MICHAEL ELLIOT
Case No.:   CR 02-00305-23 [LDW]

Judgment - Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

　　_　The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant: MICHAEL ELLIOT  
Case No.: CR 02-00305-23 [LDW]

Judgment - Page 4 of 7

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

— The defendant shall participate in the Home Detention program for a period of ___. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Eastern District of New York, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

— The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

— The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

— Pursuant to Title 18, United States Code, Section 3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate. Should deportation be ordered, the defendant is to remain outside the United States.

XX  The defendant shall not associate, directly or indirectly, with current or former members of the Pagans or Hells Angels;

XX  The defendant shall not possess any items, colors, or logos associated with the Pagans or any other outlaw motorcycle clubs;

XX  The defendant shall comply with the forfeiture clause of the plea agreement;

XX  The defendant shall undergo substance abuse treatment, if necessary, with a provider selected by the Probation Department. Treatment may include outpatient or residential treatment as determined by the Probation Department. The defendant shall abstain from illegal substances. The defendant shall contribute to the cost of services rendered or medications prescribed via co-payment or full payment in an amount approved by the Probation Department, based upon the defendant's ability to pay and/or the; availability of third party payment;

XX  During the period of supervised release, as a special condition, a prohibition on the possession of a firearm.

AO 245B (8/96 Rev. locally 9/97) - Criminal Monetary s

Defendant:   MICHAEL ELLIOT
Case No.:    CR 02-00305-23 [LDW]

Judgment - Page 5 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

|         | Assessment | Fine | Total Restitution |
|---------|-----------|------|-------------------|
| Totals: | $100.00   | $    | $                 |

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $.

___ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

   ___ The interest requirement is waived.
   ___ The interest requirement is modified as follows:

## RESTITUTION

___ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

___ The defendant shall make restitution to the following victims in the amounts listed below:

___ Restitution is ordered jointly and severally with:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|---------------------|-------------------------------|----------------------------------------|
|               |                     |                               |                                        |
|   Totals:     | $                   | $                             |                                        |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I. __XX__ In full

    A. __XX__ due immediately - ASSESSMENT.

    B. __ on or before _____

II. __ In installments

    A. __ monthly in installments of _$_ over a period of __ months, to commence __ days after date of this judgment.

    B. __ in __ installments of _$_ over a period of__ to commence __ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

n the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

1. Firearms, ammunition and stun guns;
2. Knives and other edged weapons;
3. Slappers, chains and hammers;
4. Clubs, including bats and walking sticks;
5. Bulletproof vests; and
6. "Colors" and other items bearing "Pagan" logos, including but not limited to "13" and "1%."

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.